(23 Misc. Rep. 123.)

## WISNER v. OSTEYEE BROS.

(Supreme Court, Appellate Term. March 28, 1898.)

ACTION ON COUPON—EVIDENCE.

> Although the holder of a coupon who comes into possession thereof before maturity is entitled to the presumption that he acquired title thereto in good faith, this presumption may be rebutted; and a refusal to allow a party sued thereon to show that plaintiff had received it in bad faith, with knowledge of the fact that it had been stolen, and without having parted with any value therefor, constitutes error.

Appeal from Sixth district court.

Action by Archie L. Wisner against Osteyee Bros. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Benjamin Patterson, for appellant.
Samuel C. Herriman, for respondent.

BEEKMAN, P. J. The respondent brought this action to recover the amount of a coupon which had been attached to a bond issued by the appellant, which is a corporation. The proof, as far as it went, tended to show that he had come into possession of the instrument before maturity, and he was entitled to the presumption, which obtains under such circumstances, that he had acquired title thereto in good faith, and for value,—a presumption, however, which may be overcome by evidence tending to show the contrary. The trial justice, however, refused to allow the appellant to show that the respondent had received the coupon in bad faith, with knowledge of the fact that it had been stolen, and without having parted with any value therefor. In ruling upon the question, the justice stated as follows:

"The question is not allowed upon the ground that there is no evidence before the court that the instrument which is offered here is anything but a negotiable paper; and, under the decisions of the highest courts, in both state and the

50 N.Y.S.—44

United States, the coupons are negotiable, and payable to the person having possession thereof."

It is true that such an instrument is correctly classified as negotiable (Evertson v. Bank, 66 N. Y. 14); but the special immunities which are enjoyed by the holders of such paper extend only to those who have acquired it before maturity, in good faith, and for a valuable consideration. The appellant was therefore entitled to show that the respondent was not such a holder, and to adduce evidence tending to impeach his title to the coupon in question. As the ruling excepted to was clearly erroneous, the judgment must be reversed.

The objection taken by the appellant to the admission in evidence of the coupon was not broad enough to raise the question of the sufficiency of its proof. In order to take advantage of this omission, the objection should have been specifically made on that ground.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.