(24 Misc. Rep. 704.)

## WISNER v. OSTEYEE BROS.

(Supreme Court, Appellate Term. May 5, 1898.)

NEGOTIABLE INSTRUMENTS—BONA FIDE HOLDER—BURDEN OF PROOF.

The presumption in favor of the holder of negotiable paper sued on that he acquired it in good faith and for value, arising when the instrument is put in evidence, and there is proof that it was acquired before maturity, is overcome where defendant shows that the paper has been wrongfully diverted, and the burden is then upon plaintiff to show that he acquired the instrument for value and without knowledge of the diversion.

Appeal from Sixth district court.

Action by Archie L. Wisner against Osteyee Bros., a corporation, on a coupon issued by defendant. From a judgment of the municipal court of the city of New York, borough of Manhattan, Sixth district, for plaintiff, defendant appeals. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Benjamin Patterson, for appellant.
Samuel C. Herriman, for respondent.

BEEKMAN, P. J. On the first appeal in this action (Wisner v. Osteyee, 23 Misc. Rep. 123, 50 N. Y. Supp. 689) we reversed the judgment which had been rendered in favor of the plaintiff, on the ground that the justice erred in refusing to allow the defendant to show, as it offered to do, that the plaintiff had received the coupon in bad faith, with knowledge of the fact that it had been stolen, and without having parted with any value therefor. Upon the second trial the plaintiff again recovered judgment, from which the appeal now before us has been taken.

It appears, upon an examination of the record, that the plaintiff rested after putting in evidence the coupon sued on, and having then proved that he acquired it before maturity, and that upon a demand made therefor upon the defendant payment thereof was refused. The defendant then offered evidence tending to show that the coupon, together with the bond to which it had been attached, had been placed in the hands of an agent for sale; that the same had not been sold by him; and that it had never received either the bond or any consideration therefor from such agent. The trial justice subsequently, on motion of the plaintiff's attorney, struck this evidence out, on the ground that it had been admitted solely on condition that the defendant should bring home to the plaintiff a knowledge of those facts, which he had failed to do. Elsewhere in the case the justice stated that, "unless the defendant shows knowledge in the plaintiff of the alleged wrongful possession of this agent of the bond and coupons, it is the opinion of the court that judgment will have to be rendered for the plaintiff." No further evidence was given by the plaintiff with respect to the circumstances under which he came into possession of the bond, tending to show that he was a holder in good faith and for value. The court thereupon rendered judgment against the defendant.

The judgment is clearly erroneous. It is well settled that the burden rests upon the plaintiff throughout the entire case of showing that he is a holder in good faith and for value. It is true that, when he has put the negotiable paper sued on in evidence, there is a presumption in his favor that he is a holder in good faith and for value; in other words, the proof is then sufficient to support a judgment in his favor if no evidence is given by the defendant. But where the defendant goes into his case, and shows that the paper has been wrongfully diverted, the presumption upon which the plaintiff was entitled to rely is dispelled, and he must then prove that he acquired the instrument for value, and without knowledge of the matters relied upon by the defendant to avoid his liability. American Exch. Nat. Bank v. New York Belting & Packing Co., 148 N. Y. 698, 43 N. E. 168. The coupon in question was a negotiable instrument, and the rule thus laid down is applicable to it. This rule was entirely ignored in the case at bar. The defendant was subjected to a burden of proof which by law did not rest upon it, and a recovery in favor of the plaintiff was allowed upon an entirely untenable theory with respect to his duty in establishing his cause of action. The court erred in striking out the evidence offered on the part of the defendant corporation. It was not for it to show that the plaintiff has notice of the facts on which the defense is predicated when the coupon came into his hands, but, having made its proofs in support of the defense set up, it was entitled to rest, and it then became the duty of the plaintiff, in rebuttal, to show how, when, and upon what terms he acquired the paper, in order to bring himself within the rule, peculiar to negotiable paper, which ordinarily renders defenses existing prior to the transfer of the paper unavailing as against a subsequent holder, where the latter makes it appear that he became the owner of such paper before maturity, for value, and in good faith, without notice of the defense alleged. It follows that the judgment must be reversed.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.